Turley, J.
delivered the opinion of the court.
At the general election for county officers for the county of Jefferson, in the month of March, 1844, Newman was elected Sheriff of the county. At the ensuing April term of the county court, he presented a certificate of. his election, and thereupon asked to be inducted into office. Having been the acting sheriff of the county, legally appointed,and qual *42 ified for the previous years of 1842 and 1843, he was called upon for his vouchers for the payment of the State and County revenue collected by him,- which he failed to produce; he was nevertheless inducted into office by the justices of the county court by a vote of 17 to 11. At the October term, 1844, of the said county court, proof being made, the production of a record of a judgment of the circuit court of Jefferson county,- that said Newman was at the time of his election'. and induction into office, and then, a public defaulter, the justices of the court declared the office of sheriff vacant, and proceeded by a vote of ten to eight to elect a sheriff for the county pro tempore, — from this proceeding- Newman appealed to the circuit court, and out of abundance of caution also removed the same by writ of certiorari into the circuit court. Upon hearing in the circuit court, the judge refused to quash the proceedings of the county court, at its October session, 1844, and dismissed the appeal and writ of certiorari, from which, an appeal in the nature of a writ of error is. porsecuted to this court. Whether the proceeding of the county court in electing a sheriff pro tem. was. regular and legal, we deem it unnecessary to enquire, as we are well satisfied that Newman was not the sheriff of the county by virtue of his election in March, 1844, and his induction into office by the county court in April, 1844; both having been made contrary to law, and being null and void, and conferring upon him no authority whatever to exercise the duties of the office; and therefore that he has individually no. right to complain of any action whatever subsequently taken by the county court upon the subject, or to seek a'reversal thereof. By the 2d section of the Act of January 29, 1844, it is provided, “That no person in this State shall be elligible to any office of trust or profit in this State, who is a defaulter to the Treasury at the time of his election, and the election óf any such person to such an office shall be void/'
Now the record in this case abundantly shows that Newman was at the time of his election- in March, 1844, at the time of his induction into office in April, 1844, and at the time when the office -was declared vacant and a sheriff elected pro tem. in October, 1844, a defaulter to the Treasury for *43 the State tax of his county for the years 1842 and 1843. Then by the words of the act he was ineligible, and his election void. An Act which is void is as if it had never been done, and Newman was no more the sheriff of Jefferson county for the year 1844, than if he had not been elected to discharge the duties of that office.
We therefore think the Circuit Judge committed no error in refusing to quash, upon his complaint, the proceedings of the county court of Jefferson at its October term, 1844, and that his appeal and writ of certiorari were properly dicharg-ed. Judgment affirmed;